DA 12-0201

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 68N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

PETER MARCUS MINETT,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte/Silver Bow, Cause No. DC-10-151
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

       Joseph Palmer Howard, Attorney at Law, Great Falls, Montana

     For Appellee:

       Timothy C. Fox, Montana Attorney General; Mardell Lynn Ployhar, Assistant Attorney General, Helena, Montana

             Submitted on Briefs: February 13, 2013

                    Decided: March 12, 2013

Filed:

                   _____
                           Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Peter Minett (Minett) appeals from a judgment and order of commitment entered by the Second Judicial District Court, Silver Bow County, on December 20, 2011. The issue presented on appeal is whether Minett's attorney provided ineffective assistance of counsel at the hearing on Minett's motion for a new trial. We affirm.

¶3    On June 13, 2011, a jury found Minett guilty of the felony offense of driving under the influence of alcohol (DUI), fourth or subsequent offense. At trial, Minett was represented by Joseph Connors, Jr. (Connors). On July 11, 2011, Minett filed a pro se motion for a new trial in which he raised various claims of ineffective assistance of counsel and claims concerning jury conduct.

¶4    The District Court held a hearing on the motion on November 2, 2011. At the hearing, Minett was represented by newly-appointed counsel Victor Bunitsky (Bunitsky). Bunitsky argued that Minett's right to due process was violated when Connors failed to provide Minett a DVD prior to trial. The DVD documented Minett's DUI processing at the jail and was played for the jury during trial. Bunitsky claimed that because Connors failed to show Minett the DVD before trial, Minett was unable to advise Connors to bring in Minett's employer as a witness. Bunitsky argued Minett's employer could have testified about

2

Minett's behavior and condition prior to his arrest and provided information to help explain Minett's demeanor during the DUI processing. Consequently, Bunitsky asserted, Minett was deprived of the ability to make important decisions regarding his defense.

¶5 Bunitsky did not advance additional arguments or support for Minett's two claims regarding jury conduct. Minett's claims were that (1) during his trial, two jurors smiled and nodded at each other, and (2) during his trial, two jurors witnessed Minett being transported in handcuffs and shackles. At the hearing, Bunitsky addressed the first claim by stating:

> . . . I take no position with regard to the jury, Judge. I know [Minett] put in [the motion] something with regard to the two jurors that would smile at each other. There's no evidence that anything improper happened. We can't prove anything. So I would allow that argument just to stand as is.

Bunitsky did not address Minett's second claim pertaining to jury conduct. During the hearing, Bunitsky did not introduce any evidence or witness testimony.

¶6 In response, the State made a number of arguments including that it disclosed the DVD to Minett and Connors and that they had the opportunity to view it prior to trial. It also asserted that there is no evidence of any juror misconduct. Pursuant to § 46-16-702, MCA— which allows a court to grant a defendant a new trial if required "in the interest of justice"— the State requested that the court deny Minett's motion.

¶7 The District Court denied Minett's motion. The court determined Minett's arguments "essentially surround general complaints about his communication with trial counsel." The court did not find Connors was ineffective or Minett unfairly represented.

3

¶8	On December 20, 2011, the court entered a judgment and order of commitment. Minett appeals. Specifically, he argues Bunitsky was ineffective in his representation of Minett at the hearing because he did not present any evidence or witness testimony in support of Minett's motion.

¶9	Claims of ineffective assistance of counsel are mixed questions of law and fact which this Court reviews de novo. *State v. Miner*, 2012 MT 20, ¶ 10, 364 Mont. 1, 271 P.3d 56. We review ineffective assistance of counsel claims pursuant to the two-prong test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). *Miner*, ¶ 11. Under the *Strickland* test, a defendant must demonstrate that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant. *Miner*, ¶ 11. If the defendant makes an insufficient showing regarding one prong, we need not address the other. *Miner*, ¶ 11.

¶10	To satisfy the first prong, the defendant must show that counsel's performance "fell below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances." *Whitlow v. State*, 2008 MT 140, ¶ 20, 343 Mont. 90, 183 P.3d 861. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Whitlow*, ¶ 15. To establish prejudice under the second prong, the defendant must show there is a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. *Miner*, ¶ 12.

¶11    Minett has not demonstrated that Bunitsky's failure to present evidence and testimony at the hearing rendered his performance deficient.  Bunitsky was appointed as Minett's counsel after Minett filed his pro se motion for a new trial.  Bunitsky thus did not have the opportunity to evaluate whether there was sufficient support for Minett's claims prior to Minett raising them before the court.  We have no reason to believe any evidence even existed that Bunitsky could have presented, aside from testimony from Minett and Connors.  And, as the State points out, Bunitsky may have made a reasonable decision not to present such testimony.  It is possible Bunitsky thought that subjecting his client to cross-examination would have been detrimental to his case, and Connors' testimony unhelpful.  Furthermore, Bunitsky may have believed that Connors' testimony would have refuted Minett's allegations.

¶12    Minett's ineffective assistance of counsel claim is not supported by any evidence and is based on speculation.  Minett has failed to overcome the strong presumption that Bunitsky's conduct fell within the wide range of reasonable professional assistance.  Accordingly, he has not satisfied the first prong of the *Strickland* test, thus his ineffective assistance of counsel claim fails.

¶13    We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶14    Affirmed.

/S/ MICHAEL E WHEAT

5

We Concur:

/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ LAURIE McKINNON